**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROSA MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4294** |
| **USAA** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court in this first-party-insurance case filed under the Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1), is the opposed motion[1] of Defendant United Services Automobile Association ("USAA") to dismiss Plaintiff Rosa Miller's Louisiana-law claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Miller has not carried her Rule 12(b)(1) burden to establish the Court's subject-matter jurisdiction under Section 1332(a)(1) because Miller has not shown that the parties are completely diverse. For purposes of diversity jurisdiction, Miller is a Louisiana citizen because Miller is a natural person domiciled in Louisiana. And USAA is deemed to be a Louisiana citizen for purposes of diversity jurisdiction because USAA is an unincorporated association and reciprocal insurance exchange with members in every state, including Louisiana. Because both Miller and USAA are Louisiana citizens, there is not complete diversity. And because there is not complete diversity, the Court lacks subject-matter jurisdiction and must dismiss this case without prejudice. Accordingly, for these reasons and those that follow, USAA's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**.

---

[1] ECF No. 8.

## I. BACKGROUND

This dispute arises from Rosa Miller's claim that USAA failed to timely and adequately pay her the proceeds due under a USAA homeowners insurance policy for damage that her Hammond, Louisiana home suffered during Hurricane Ida.[2]

Miller is a natural person domiciled in Tangipahoa Parish, Louisiana.[3] USAA is a reciprocal insurance organization with members in every state, including Louisiana.[4] USAA issued Miller an insurance policy covering Miller's Hammond, Louisiana home.[5] After Hurricane Ida damaged her home, Miller "reported the extensive damage to USAA"[6] and submitted a claim under the policy. Miller complains that USAA "fail[ed] to timely, fully, and fairly adjust [her] claim,"[7] and that USAA "failed to timely and adequately tender payment under the [p]olicy."[8]

---

[2] *See generally* ECF No. 1.

[3] *Id.* at ¶ 1.

[4] ECF No. 8-1 at 2; *see also, e.g.*, *Washington-Nash v. United Servs. Auto. Ass'n*, No. 23-CV-4942, 2024 WL 663662, at *1 n.3 (E.D. La. Feb. 16, 2024) (observing that "USAA is a reciprocal interinsurance exchange whose citizenship is determined by the citizenship of each of its constituent members," and that "USAA has members in all 50 states and is thus a citizen of every state, including Louisiana"); *McCaskill v. USAA Cas. Ins. Co.*, No. 23-CV-3233, 2023 WL 8650005, at *3 (E.D. La. Dec. 14, 2023) (noting that "USAA is a reciprocal interinsurance exchange with members in Louisiana"); *Legier v. Bufkin*, No. 23-CV-136, 2023 WL 3432140, at *1 (M.D. La. Apr. 27, 2023) (observing that USAA has Louisiana-citizen members); *Miles v. United Servs. Auto. Ass'n*, No. 22-CV-5195, 2023 WL 5974859, at *1 (E.D. La. Sept. 14, 2023) (observing that "[s]everal federal courts have held that USAA is a reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes" (internal citation and quotation marks omitted)); *Cruz v. United Servs. Auto. Ass'n*, No. 21-CV-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021) (observing that "numerous sections of [the Eastern District of Louisiana] have found that USAA is a reciprocal insurance organization that has members in all fifty states, and therefore is a citizen of Louisiana"); *Drake v. United Servs. Auto. Ass'n*, No. 19-CV-13724, 2020 WL 6262996, at *2 (E.D. La. Feb. 28, 2020) (finding "that USAA is a reciprocal interinsurance exchange with members in Louisiana"); *Ourso v. United Servs. Auto. Ass'n*, No. 06-CV-4354, 2007 WL 275902, at *2 (E.D. La. Jan. 25, 2007) (finding "that USAA is a reciprocal interinsurance exchange with members in Louisiana").

[5] ECF No. 1 at ¶¶ 7–8.

[6] *Id.* at ¶ 10.

[7] *Id.* at ¶ 15.

[8] *Id.* at ¶ 11.

Invoking diversity jurisdiction, 28 U.S.C. § 1332(a)(1), Miller sued USAA in this Court.[9] She alleges that there is complete diversity because she is a Louisiana citizen and USAA is a Texas citizen.[10] She alleges that USAA is a Texas citizen because USAA "is a Texas corporation with its principal place of business in San Antonio, Texas."[11] She asserts state-law claims only.[12] She does not identify a basis for federal subject-matter jurisdiction other than diversity under Section 1332(a)(1).[13]

Now, USAA moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), contending that the Court lacks diversity jurisdiction because the requirement of complete diversity is not met.[14] Miller opposes.[15]

## II. LEGAL STANDARD

A party may move to dismiss a case for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court may assess subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party

[9] *See generally* ECF No. 1.
[10] *Id.* at ¶ 4.
[11] *Id.*
[12] *Id.* at ¶¶ 1–18.
[13] *Id.*
[14] ECF No. 8.
[15] ECF No. 10.

asserting jurisdiction," so "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (internal citations omitted).

## III. ANALYSIS

USAA moves the Court to dismiss this case for lack of subject-matter jurisdiction, contending that Miller cannot carry her burden to establish diversity jurisdiction because both Miller and USAA are Louisiana citizens. The Court has diversity jurisdiction over "all civil actions" that are (1) "between citizens of different States" and (2) "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires 'complete diversity,' which means that 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Here, "[t]he burden of establishing complete diversity rests on" Miller, "the party invoking federal jurisdiction." *Id.* (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

Miller has not carried her burden to establish complete diversity. It is undisputed that Miller is a Louisiana citizen;[16] the dispositive question is whether USAA is also a Louisiana citizen. It is. As an unincorporated association, USAA shares the citizenship of each of its members for purposes of diversity jurisdiction. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (holding that the citizenship

---

[16] *See, e.g.*, ECF No. 1 at ¶ 1 (alleging that Miller is "domiciled in Tangipahoa, Louisiana"); ECF No. 10 at 2 (admitting that Miller "is domiciled in the [S]tate of Louisiana and is a citizen of Louisiana for diversity jurisdiction purposes").

of an unincorporated association is based on the citizenship of each of its members); *see also, e.g.*, *Brooks v. United Servs. Auto. Ass'n*, No. 23-CV-3181, 2023 WL 7411189, at *1 n.3 (E.D. La. Nov. 9, 2023) (recognizing that "USAA is a reciprocal interinsurance exchange whose citizenship is determined by the citizenship of each of its constituent members"). USAA has members in Louisiana, so USAA is deemed a Louisiana citizen for purposes of diversity jurisdiction.[17] Because both USAA and Miller are Louisiana citizens, the requirement of complete diversity is not met, and the Court lacks subject-matter jurisdiction under Section 1332(a)(1), the only asserted basis for subject-matter jurisdiction. And because the Court lacks subject-matter jurisdiction, the Court "must" dismiss this case.[18] FED. R. CIV. P. 12(h)(3).

Miller resists Rule 12(b)(1) dismissal on three grounds; each fails. First, Miller contends that the Court should not dismiss this case because she brought it in this Court in reliance upon Louisiana Secretary of State records listing USAA as a "non-Louisiana corporation with its domicile and principal business office in Texas."[19] This argument fails to persuade for several reasons. For starters, the Louisiana Secretary of State records on which Miller says she relied do not even relate to USAA; they

[17] *See, e.g.*, *Washington-Nash*, 2024 WL 663662, at *1 n.3; *Brooks*, 2023 WL 7411189, at *1 n.3; *McCaskill*, 2023 WL 8650005, at *3; *Legier*, 2023 WL 3432140, at *1; *Miles*, 2023 WL 5974859, at *1; *Cruz*, 2021 WL 2662155, at *1; *Drake*, 2020 WL 6262996, at *1–2; *Ourso*, 2007 WL 275902, at *1–2.

[18] *Accord, e.g.*, *Washington-Nash*, 2024 WL 663662, at *1 n.3 (granting Rule 12(b)(1) motion dismissing Louisiana citizen's diversity lawsuit against USAA for lack of subject-matter jurisdiction because USAA showed that it was a Louisiana citizen for purposes of diversity jurisdiction); *Brooks*, 2023 WL 7411189, at *1 n.3 (same); *Miles*, 2023 WL 5974859, at *1–2 (same); *Cruz*, 2021 WL 2662155, at *1–2 (same); *Drake*, 2020 WL 6262996, at *1–2 (same); *Ourso*, 2007 WL 275902, at *1–2 (same).

[19] ECF No. 10 at 2–3; *see also* ECF No. 16-2 at 2. The Court denied Miller's motion for leave to file a surreply, ECF No. 16, for the independent reasons that (1) Miller failed to show that a surreply was warranted and (2) Miller's motion for leave was untimely. ECF No. 18 at 1–2. The Court has nonetheless considered the proposed surreply, ECF No. 16-2, and its attachments, ECF Nos. 16-3–16-6, because they do not change the Court's analysis or conclusion that complete diversity is lacking.

relate to a separate but affiliated entity: USAA Insurance Agency, Inc.[20] And even if Miller had shown that both (1) those public records were wrong, and (2) her reliance on them was reasonable, her argument would still fail: She cites no authority, and the Court is aware of none, empowering a federal court to ignore the statutory limits on its jurisdiction merely because the party invoking diversity jurisdiction was mistaken about the citizenship of an indisputably[21] non-diverse defendant.

Second, Miller contends that the Court should not dismiss this case because USAA is "misleading the public" by failing to state on its website and in its policies that it is a reciprocal insurance exchange with members in every state.[22] This argument is a non-starter. As with her first argument, Miller cites no authority—no federal or Louisiana statute, regulation, or case—requiring USAA to make those disclosures. And even if (1) those disclosures were required, and (2) USAA failed to make them, the Court would still lack subject-matter jurisdiction, and Rule 12(b)(1) dismissal would still be required, given the undisputed absence of complete diversity. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added).

Third and finally, Miller contends that the Court should remand this case rather than dismiss it.[23] This argument lacks merit. Remand is not an option: This case originated in this Court, it was not removed, and there is no state court to which

---

[20] ECF No. 10-1

[21] In neither her opposition nor her proposed surreply does Miller actually dispute that USAA is, in fact, deemed a Louisiana citizen for purposes of diversity jurisdiction given that USAA is an unincorporated association with Louisiana members. *See generally* ECF Nos. 10 & 16-2.

[22] ECF No. 10 at 3; *see also* ECF No. 16-2 at 2–3.

[23] ECF No. 10 at 3; *see also* ECF No. 16-2 at 4.

it could be remanded. *See, e.g.*, *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 428 (2010) (explaining that "federal tribunals lack authority to remand to the state court system an action initiated in federal court"); *Foster v. Graves*, 428 F. App'x 348, 351 (5th Cir. 2011) (per curiam) (observing that "a district court does not have the authority . . . to remand or transfer a case to state court if the matter was not initially filed in state court and subsequently removed to federal court" (internal citations omitted)).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that USAA's Rule 12(b)(1) motion[24] to dismiss for lack of subject-matter jurisdiction is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 26th day of July, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[24] ECF No. 8.